UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10858-RWZ

SARA E. SHERMAN

v.

BANK OF AMERICA, N.A., *et al.*

ORDER

December 22, 2010

ZOBEL, D.J.

Plaintiff Sara E. Sherman sues Bank of America, N.A. ("BoA"), BAC Home Loans Servicing, LP ("BAC"), and Titanium Solutions, Inc. ("Titanium"), for misconduct in the context of her attempt to secure a loan modification. She asserts 5 counts: (1) for declaratory judgment; (2) Breach of Contract and of Good Faith and Fair Dealing, against all defendants; (3) Civil Conspiracy, against all defendants; (4) Promissory Estoppel, against BAC; (5) RICO, 18 U.S.C. § 1964, against all defendants; (6) injunctive relief. Plaintiff filed this lawsuit in Massachusetts Superior Court and there obtained a preliminary injunction against the execution of a judgment in a pending BAC foreclosure proceeding. Defendants then removed the case and now move jointly to dismiss.

I.  **Background**

Plaintiff refinanced her home with Countrywide Home Loans ("Countrywide"), an entity later acquired by BoA, in August of 2007. She fell behind on mortgage payments

in February 2008. She contacted Countrywide in an effort to address this delinquency and was referred to Titanium, a third party retained by Countrywide to act as a liason between the lender and its mortgagors.[1]

Titanium told plaintiff about the U.S. Treasury Home Affordable Modification Program ("HAMP") which might facilitate a modification of her loan. On April 1, 2008, she submitted financial documentation to Titanium. Plaintiff alleges that Titanium then confirmed that the mortgage qualified for a loan modification, but added that approval would be quicker if the mortgage was not delinquent. (Compl. ¶ 18, Docket # 1 Ex. A.) Plaintiff borrowed from another lender the full amount of the overdue payments, $34,178.35, and sent Countrywide a check. Titanium told plaintiff, in August 2008, that she would be offered a HAMP Trial Period Plan ("TPP"), where she would make lower payments for three months leading to the permanent loan modification. (Id. at ¶ 20.)

BAC initiated foreclosure proceedings in the spring of 2010. The complaint contains no information about what transpired, and in particular plaintiff's communications with defendants and her own conduct, during the year and a half between the sole Titanium TPP communication and the foreclosure. It is apparent from the briefing that plaintiff did not enter a TPP or receive a HAMP modification, and the complaint states that she currently owes approximately $1 million on the mortgage, an amount roughly equal to the principle on the loan.

---

[1]Some communications were with plaintiff and others with her husband. The distinction is not material to the arguments raised in the motion to dismiss, so this order treats all communications as if they were to plaintiff.

**II.     Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The facts must allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct.  Id.  A simple recitation of elements, or statements of legal conclusion, will not suffice.  Id.

**A.     Breach of Contract and of Good Faith and Fair Dealing**

Breach of contract and violation of the covenant of good faith and fair dealing are closely related causes of action, both arising out of contractual obligations.  See, e.g., Uno Rests., Inc. v. Bos. Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004).  Plaintiff does not argue that defendants were obligated by the terms of the mortgage and note to agree to a loan modification, and no other contract is identified in the complaint.  The motion to dismiss these claims is allowed.

**B.     Civil Conspiracy**

A civil conspiracy claim arises when "a combination of persons [act] pursuant to an agreement to injure the plaintiff.  It is not sufficient to prove joint tortious acts of two or more persons."  Gutierrez v. Mass. Bay Transp. Auth., 772 N.E.2d 552, 568 (Mass. 2002). Plaintiff asserts that BAC conspired with Titanium to "strip the equity" from her home.  (Compl. ¶ 39.)  She fails to state a claim for two reasons.  First, the only conduct ascribed to BAC after plaintiff fell behind on the loan was referring her to Titanium in

February 2008 and initiating foreclosure proceedings on in the spring of 2010 when plaintiff was more than a year delinquent in payments. This minimal alleged conduct does not plausibly support plaintiff's conclusory allegation that BCA conspired with Titanium to injure plaintiff. Second, there are no allegations in the complaint of any conduct resembling equity stripping.

### C.     Promissory Estoppel

> Circumstances that may give rise to an estoppel are (1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission.

Anzalone v. Admin. Office of Trial Court, 932 N.E.2d 774, 786 (Mass. 2010).

Plaintiff brings this claim against BAC, asserting in count 4 that BAC made representations "by way of its TPP Agreements" that she would receive a HAMP modification and that she relied on those representations and thereby lost other opportunities to deal with her default. This count suffers a defect present, to some degree, throughout the complaint; it is impossible to reconcile plaintiff's conclusory statements in the six counts with the preceeding factual allegations in the complaint. The complaint nowhere alleges that BAC presented her with a TPP agreement, and it is apparent from the parties' briefing that she was not enrolled in a TPP and never entered the HAMP program. The only communication attributed to BAC, prior to foreclosure, was the referral to Titanium. The complaint alleges no reliance by plaintiff in response to that representation that resulted in the denial of a HAMP modification and subsequent foreclosure.

4

It is unclear, from plaintiff's briefing, whether she seeks to hold BAC accountable for statements by Titanium, but she alleges that Titanium told her, orally, on only one occasion, that she would be offered in a TPP. There is no allegation that Titanium provided her with a TPP agreement. It is insufficient to allege, as this complaint does, that BAC provided <u>others</u> with TPP agreements. A promissory estoppel claim is premised on "representation[s] intended to induce reliance on the part of a person to whom the representation is made." <u>Id.</u>

The court also notes the implausibility of her reasonable reliance allegation given that more than a year passed between the single, oral Titanium statement that she would be enrolled in a TPP and the foreclosure, yet there is no allegation in the complaint or suggestion in the briefing that she, in fact, took "the opportunity to find other strategies to deal with her default and to avoid foreclosure." (Compl. ¶ 43.) Neither does she identify any conduct that she reasonably forwent during this lengthy period. The complaint fails to state a promissory estoppel claim.

**D.    RICO**

To state a civil RICO claim a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Efron v. Embassy Suites (Puerto Rico), Inc.</u>, 223 F.3d 12, 14-15 (1st Cir. 2000); <u>see</u> 18 U.S.C. § 1962c. A "pattern" consists of at least two related predicate acts of racketeering activity. <u>Id.</u> at 15. The complaint contains only a conclusory allegation of predicate acts and alleges no specific racketeering activities. It fails to state a civil RICO claim.

5

### III. Conclusion

Defendants' motion to dismiss (Docket # 11) is ALLOWED.[2]

Judgment may be entered dismissing the complaint without prejudice.

    December 22, 2010                                      /s/Rya W. Zobel
              DATE                                                  RYA W. ZOBEL
                                                                   UNITED STATES DISTRICT JUDGE

---

[2]Count 1, for a declaratory judgment, seeks a declaratory judgment on the same grounds raised in the other five causes of action plus a catch-all declaration as to whether "BAC complied with the law in handling . . . the mortgage closing." (Compl. ¶ 37.) The complaint identifies no cause of action in connection with this general "complied with the law" language. The count fails to state a claim.